

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 21, 1970

Hon. John F. Boff
Executive Director
Board of Examiners in the
  Fitting & Dispensing of
  Hearing Aids
1212 Guadalupe
Austin, Texas 78701

Opinion No. M-636

Re: Questions relating to sales
    of hearing aids and licensing
    of persons to fit and dis-
    pense hearing aids.

Dear Mr. Boff:

You have requested the opinion of this office regarding the following two specific questions:

"1.  Can the Board require the serial number of the hearing aid being sold to a customer be included in the necessary information on the sales receipt?

"2.  Is a Factory Representative, who lives either within or outside of the State of Texas entitled to a license to fit and dispense hearing aids in the State of Texas?"

In connection with your first question, we quote the following from Section 1.14, Article 4566, Vernon's Civil Statutes:

"(b) Every licensee shall deliver to each person supplied with a hearing aid, by the licensee or under his direction, a bill of sale which shall contain his signature, his printed name, the address of his principal office, the number of his license, a description of the make and model of the hearing aid furnished and the amount charged therefor, and whether the hearing aid is new, used or rebuilt."  (Emphasis added.)

In answering your question, we assume that the use of serial numbers is customary practice in the industry. If this be true, there is no question but that the serial number is a proper element of "a description of the make and model of the hearing aid furnished", and that the Board has the authority to require that the serial number be recorded on the bill of sale.

With regard to your second question, the following is quoted from Article 4566, Section 1.0C:

"(a) Every person desiring to engage in fitting and dispensing hearing aids in the State of Texas shall be required to pass an examination given by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids.

"(b) The applicant shall make application, furnishing to the Secretary-Treasurer of the Board on forms to be furnished by the Board, sworn evidence that he has attained the age of 18 years, is of good moral character, is free of contagious or infectious disease, and has graduated from an accredited high school or equivalent, and such other information as the Board may deem necessary for the enforcement of this Act.

"(c) The examination shall consist of written, oral or practical tests in the following areas as they pertain to the fitting and dispensing of hearing aids, to-wit:
(1) Basic physics of sound;
(2) The structure and function of hearing aids;
(3) Fitting of hearing aids;
(4) Pure tone audiometry, including air conduction testing and bone conduction testing;
(5) Live voice and/or record voice speech audiometry;
(6) Masking when indicated;
(7) Recording and evaluation of audiograms and speech audiometry to determine the hearing aid candidacy;
(8) Selection and adaption of hearing aids and testing of hearing aids; and
(9) Taking of earmold impressions.

"(d)  No part of the examination shall consist of tests requiring knowledge of the diagnosis and/or treatment of any disease or injury to the human body.

"(e) Each applicant shall be given due notice of the date and place of the examination and the subjects, areas, and/or skills that will be included within such examination, and there shall be no changes in said subjects, areas, and/or skills after the date of the examination has been announced and publicized nor shall there be more than one change or group of changes in any one calendar year.  All examinations shall be conducted in writing and by such other means as the Board shall determine adequate to ascertain the qualifications of applicants.  All applicants examined during a given calendar year shall be given the same examination. Every applicant successfully passing the examination and meeting all the requirements of this Act shall be registered by the Board as possessing the qualifications required by this Act and shall receive from the Board a license to fit and dispense hearing aids in this state." (Emphasis added.)

We note that the only exception to the requirements set forth above are to be found in Sections 1.07 and 1.08 of Article 4566.  These two exceptions permit reciprocity with other states which license this particular activity, and permit the licensing of individuals who have practiced the fitting and dispensing of hearing aids for a certain period  prior to the effective date of Article 4566.  Section 1.07, which is the so-called "grandfather clause" permits the licensing of any person who meets certain requirements not pertinent to this opinion, and "has been engaged in fitting and dispensing hearing aids in the United States of America for a period of at least one year immediately prior to the effective date of this Act."

A careful examination of Article 4566 reveals that no residence requirement has been made in any part of the statute. You are therefore advised that it is the opinion of this office that any person, wherever resident, who can satisfy the examination requirements set forth in Section 1.06 of Article 4566 is entitled to a license to fit and dispense hearing aids in the State of Texas.

## S U M M A R Y

Assuming that the use of serial numbers is customary practice in the hearing aid industry, such serial number is a proper element of a description of the make and model of the hearing aid furnished, and the Board of Examiners in the Fitting and Dispensing of Hearing Aids has the authority to require that such serial numbers be recorded on the bill of sale, under Article 4566, V.C.S.

Any person, wherever resident, who can satisfy the examination requirements set forth in Section 1.06 of Article 4566, V.C.S., or qualifies under the grand-father clause or reciprocity provisions is entitled to a license to fit and dispense hearing aids in the State of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Austin Bray
Sarah Phillips
Fisher Tyler
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

Hon. John F. Boff, page 5 (M-636)

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant